IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Criminal Action No. 1:17CR32
                                            (Judge Keeley)

MICHAEL WESLEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]

Pending is the motion for sentence reduction/compassionate release filed by the defendant, Michael Wesley ("Wesley"), pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. No. 1836). For the following reasons, the Court **DENIES** his motion.

## I. BACKGROUND

On June 20, 2017, a grand jury sitting in the Northern District of West Virginia named Wesley and 34 other defendants in a 129-count Superseding Indictment (Dkt. No. 1), which charged him with one count of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(C) (Count One); two counts of distributing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Thirty-Seven and Sixty-Two); and three counts of aiding and abetting the distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

and 18 U.S.C. § 2 (Counts Forty-Six, Fifty-Two, and Sixty) (Dkt.
Nos. 1, 136).

Meanwhile, a grand jury sitting in the Northern District of
Ohio named Wesley in a ten-count Indictment related to an identity
theft scheme (Dkt. No. 1621 at 19). After he pleaded guilty to
three counts in this Indictment,[1] the Honorable James Carr, Senior
United States District Judge, sentenced Wesley to a total term of
imprisonment of 138 months, to run consecutively to any sentence
imposed in Wesley's West Virginia case. Id.

Thereafter, Wesley pleaded guilty to distribution of
oxycodone, as charged in Count Thirty-Seven of the Superseding
Indictment in this case (Dkt. No. 1505). On January 30, 2020, the
Court sentenced him to 151 months of imprisonment and ordered that
his sentence run concurrently with the sentence imposed by Judge
Carr in the Northern District of Ohio (Dkt. No. 1611).[2] Currently,
Wesley is incarcerated at FCI Hazelton, with a projected release
date of May 3, 2028.[3]

---

[1] Specifically, Wesley pleaded guilty to conspiracy to commit access
device fraud; illegal possession of access device – making equipment;
and aggravated identity theft. Id.
[2] Wesley appealed the sentence imposed by Judge Carr, arguing that he
should have ordered the sentences imposed in the Northern District of
Ohio and the Northern District of West Virginia to run concurrently (Dkt.
No. 1839 n.1). Once the Bureau of Prisons ("BOP") clarified that it would
run Wesley's sentences concurrently, the Court of Appeals for the Sixth
Circuit dismissed his appeal. Id.
[3] See Federal Bureau of Prisons, https://bop.gov/inmateloc/ (results for
Register No. 38394-068) (last visited July 6, 2022).

USA V. WESLEY                                                        1:17CR32-2

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]

On November 19, 2021, Wesley filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (Dkt. No. 1836). Notably, he does not seek immediate release or even a reduction of his sentence to time served, but rather, requests a reduction from 151 months to 138 months in order to match the sentence imposed by Judge Carr. Id. The predicate for Wesley's motion is his policy disagreement with the career offender sentencing guideline that impacted his sentence. Id. He also contends that, due to the COVID-19 pandemic, his incarceration has been more onerous than was anticipated at sentencing. Id.

## II. APPLICABLE LAW

After imposing a term of imprisonment, a court may only modify its sentence in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a 'three-step inquiry'": (1) has a defendant exhausted all administrative remedies; (2) does an extraordinary and compelling reason for a sentence reduction exist; and (3) is a sentence reduction consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a)? See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

### III. <u>DISCUSSION</u>

**A.    Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." <u>McCoy</u>, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." <u>United States v. Muhammad</u>, 16 F.4th 126, 131 (4th Cir. 2021). And, as the Government points out, to satisfy the administrative exhaustion requirement, a defendant's request to the warden "must be premised on the same facts alleged in the corresponding motion filed with the court." <u>United States v. Wills</u>, 2020 WL 5073663, at *3 (E.D. La. Aug. 26, 2020) (quotation omitted); <u>see also</u> <u>United States v. Knight</u>, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020); <u>United States v. Hamrick</u>, 2020 WL 4016037, at *2 (M.D.N.C. July 16, 2020).

Here, on July 28, 2020, Wesley submitted an administrative request for compassionate release due to his preexisting medical

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

conditions,[4] which the Warden at FCI Hazelton denied on August 10, 2020 (Dkt. No. 1836-2 at 2-4). He then submitted a second administrative request on August 20, 2020, which was premised on his preexisting medical conditions as well as the COVID-19 pandemic, his post-conviction rehabilitation, and the physical and mental harm he had incurred as a consequence of the COVID-19 lockdown. Id. at 6. The Warden denied this request on September 18, 2020. Id. at 7.

Although Wesley twice requested compassionate release from the BOP, the bases for these requests differ factually from the basis Wesley has presented in his pending motion. He therefore arguably has not exhausted his administrative remedies. Wills, 2020 WL 5073663, at *3. But even assuming he has met the exhaustion requirement, his reasons, when considered in combination with the sentencing factors, do not justify a reduction of his sentence.

**B.  Extraordinary and Compelling Reasons**

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling" but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C.

---

[4] According to Wesley, his medical conditions included sleep apnea, hypertension, irregular heartbeat, prediabetes, and high cholesterol (Dkt. No. 1836-2 at 2).

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

§ 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

### 1.   Career Offender Guideline

During Wesley's sentencing hearing, the Court applied the career offender guideline, calculated Wesley's guideline range as 151 to 188 months of imprisonment,[5] and sentenced him to the lowest guideline sentence, 151 months (Dkt. Nos. 1701 at 22-24, 1611). In his pending motion, Wesley does not contend the Court erroneously applied the career offender guideline or that he no longer qualifies as a career offender due to a subsequent change in the law. He instead asserts that flaws in the drafting and application of the career offender guideline constitute an extraordinary and

---

[5] Had Wesley been sentenced under the appliable drug quantity guideline, his guideline range would have been 110 to 137 months of imprisonment.

USA V. WESLEY                                                      1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

compelling reason to reduce his sentence (Dkt. No. 1836 at 15-23).
These flaws include, among others, the lack of empirical support
and resulting sentences longer than necessary to effectuate the
goals of sentencing. Id. He further asserts that the United States
Sentencing Commission inappropriately expanded the class of
offenses covered by this guideline. Id.

His arguments are unpersuasive. As part of the Sentencing
Reform Act of 1984, Congress directed the Sentencing Commission to
"assure that the guidelines specify a sentence to a term of
imprisonment at or near the maximum term authorized" for adult
offenders who meet certain criteria. 28 U.S.C. § 994(h)(1)-(2);
see United States v. Merced, 603 F.3d 203, 217 (3d Cir. 2010). In
response, the Sentencing Commission promulgated the career
offender guideline, U.S.S.G. § 4B1.1. See United States v. Sanchez,
517 F.3d 651, 662-63 (2d Cir. 2008) (tracing the origins of §
4B1.1). This guideline enhances a defendant's offense level and
criminal history category, resulting in harsher recommended
sentences. Id.

Despite Wesley's criticisms, this guideline remains in effect
and applies to any offender who satisfies the narrow definition of
a career offender.[6] Thus, the considered application of a carefully

---

[6] During the 2021 fiscal year, 1,246 defendants (2.2%) were sentenced as
career offenders. See United States Sentencing Commission, Quick Facts:

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

crafted guideline that has impacted the sentences of many defendants nationwide does not constitute an extraordinary reason to reduce Wesley's sentence. Moreover, sentencing courts retain discretion to vary or depart from the career offender guideline range where appropriate. See United States v. Booker, 543 U.S. 220 (2005) (holding that the Guidelines are not mandatory but advisory).

And in Wesley's case, after carefully considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court rejected his request for a downward departure and explained its reasons for sentencing him to the bottom of his career offender guideline range (Dkt. No. 1611). The Court's particularized explanation as to why the application of the career offender guideline was warranted in his case forecloses any argument that the application of that guideline constitutes an extraordinary or compelling reason to reduce his sentence.

2.    **COVID-19 Conditions at FCI Hazleton**

Wesley next contends that service of his sentence has been more onerous than intended because certain COVID-19 related restrictions have impacted his incarceration (Dkt. No. 1836 at 23-

_____

Career Offenders, (June 2022) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Career_Offenders_FY21.pdf (last visited July 6, 2022).

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

24). It is true that, in response to the COVID-19 pandemic, the
BOP implemented infection prevention procedures to mitigate the
risk and spread of the virus in its facilities,[7] including some
modifications to inmate programming and services. Id. Currently,
in response to COVID-19, the BOP categorizes FCI Hazelton as a
Level 2 facility,[8] which has necessitated moderate operational
changes. Id. For example, visitation is limited to non-contact
visits; inmates must practice social distancing and wear facial
coverings indoors; and occupational capacity is limited in some
spaces. Id. These emergency operating procedures were informed by
the guidance the BOP received from the Centers for Disease Control,
the Occupational Safety and Health Administration, and the
Department of Justice. Id. The BOP also has aggressively vaccinated
its staff and inmates. As of July 6, 2022, the BOP has vaccinated
560 staff members and 3,178 inmates at the Hazelton Federal
Correctional Complex.[9]

---

[7] Federal Bureau of Prisons, COVID-19 Modified Operations Plan & Matrix,
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp
(last visited July 6, 2022).
[8] BOP facilities "determine their operational level (Level 1, Level 2,
or Level 3) based on the facilities' COVID-19 medical isolation rate,
combined percentage of staff and inmate completed vaccinations series,
and their respective community transmission rates." Id.
[9] Federal Bureau of Prisons, COVID-19 Vaccine Implementation,
bop.gov/coronavirus/ (last visited July 6, 2022).

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

All these efforts have significantly lowered Wesley's risk of exposure to COVID-19 at FCI Hazelton. As of July 6, 2022, there are zero active COVID-19 cases at FCI Hazelton.[10] Thus, the Court concludes that the BOP's informed efforts to curtail the spread of the COVID-19 virus within its facilities and to protect its staff and inmates do not constitute an extraordinary or compelling reason to reduce Wesley's sentence.

**C.   Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)**

Even if Wesley could establish extraordinary and compelling reasons for his compassionate release, the Court must weigh and consider the § 3553(a) factors to determine whether a sentence reduction is appropriate in his case. High, 997 F.3d at 185-86. Any decision to reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).

The relevant considerations under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters

---

[10] Federal Bureau of Prisons, COVID-19 Cases, bop.gov/coronavirus/ (last visited July 6, 2022).

10

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

criminal conduct, and protects the public from future crime. Id.
Pursuant to these factors, Wesley contends that his post-
sentencing conduct and strong release plan weigh in favor of
reducing his sentence (Dkt. No. 1836). The Court respectfully
disagrees.

The nature and circumstances of Wesley's offense weigh
heavily against any reduction of his sentence. He was a member of
a large drug trafficking organization which, for several years,
conspired to distribute oxycodone throughout Monongalia County,
West Virginia (Dkt. No. 1621 at 3-4, 8). After joining the
conspiracy in 2015, Wesley participated in approximately 300
transactions related to the distribution of oxycodone (Dkt. No.
1701 at 6). During a 30-day period in early 2017, Wesley
distributed oxycodone on two occasions and aided and abetted the
distribution of oxycodone on three occasions (Dkt. No. 1602 at 3-
4). Based on Wesley's known distribution activities alone, the
parties stipulated that his total relevant conduct included
between 700 and 1,000 kilograms of marijuana equivalent (Dkt. No.
1505).

Wesley's long and violent criminal history dating back to
1990 also militates against any reduction. That history includes
convictions for voluntary manslaughter, possession of a firearm,
fourth degree child abuse, possession with intent to deliver

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

marijuana, delivery of a controlled substance, conspiracy to commit access device fraud, illegal possession of access device making equipment, and aggravated identity theft, as well as multiple convictions each for manufacturing and delivering a controlled substance, insurance fraud, and possession of a forged driver's license (Dkt. No. 1621 at 13-20). At sentencing, Wesley had twenty-four (24) criminal history points, which placed him in criminal history category VI even before consideration of his career offender status (Dkt. No. 1701 at 23).

During his sentencing hearing, the Court noted that Wesley had caused a "tremendous amount of harm" to the community and presented a "classic picture of recidivism." Id. at 35-36. After due consideration of the relevant sentencing factors, however, it sentenced him to 151 months of imprisonment, the lowest end of his advisory guideline range. Id. at 37. Further, although Sentencing Guideline § 5G1.3(d) authorized consecutive or partially concurrent sentences, the Court ordered Wesley's sentence to run fully concurrent with the sentence imposed by Judge Carr in the Northern District of Ohio, a result that substantially reduced Wesley's total time of incarceration. Id.

As discussed earlier, after considering the § 3553(a) factors, the Court found no justification to depart or vary from Wesley's applicable guideline range. Now, only two years later, he

USA V. WESLEY                                                    1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

seeks reconsideration of this decision. But Wesley's circumstances have not significantly changed and to grant his request would result in a sentence insufficient to satisfy the purposes of sentencing.

In reaching this decision, the Court has noted the fact that Wesley has taken advantage of the opportunities available to him in the BOP, having completed the non-residential drug abuse program and sixteen (16) educational courses (Dkt. No. 1836-1 at 2-4). And upon release he intends live with his niece in Florida, contact a nearby substance abuse treatment center, and find employment through his familial connections Id. at 5-9. But these factors do not outweigh the seriousness of his offense conduct and his extensive, severe criminal history, which significantly increase his risk of recidivism, and the harm he caused to the community. Nor would a sentence reduction promote respect for the law, deter future criminal conduct, or provide adequate punishment for his offense.

## IV.   CONCLUSION

After carefully considering all of Wesley's arguments, the Court concludes that no extraordinary and compelling reason exists to justify a reduction of his sentence and further that any such reduction would be inconsistent with the § 3553(a) factors. It

USA V. WESLEY                                               1:17CR32-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION/COMPASSIONATE RELEASE [DKT. NO. 1836]**

therefore **DENIES WITHOUT PREJUDICE** his motion for compassionate

release (Dkt. No. 1836).

The Court **DIRECTS** the Clerk to transmit copies of this Order

to Wesley, via certified mail, return receipt requested, and to

counsel of record and all appropriate agencies by electronic means.

DATED: July 6, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

14